**Lawrence E. WILSON, Warden, Appellant,**

v.

**William Eugene PORTER, Appellee.**
**No. 20490.**

United States Court of Appeals
Ninth Circuit.

May 3, 1966.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Granucci, Michael J. Phelan, Deputy Attys. Gen., San Francisco, Cal., for appellant.

Dean L. Bender, San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Judge of the Court of Claims, and HAMLEY, Circuit Judge.

MADDEN, Judge:

This is an appeal by the warden of the California State Prison at San Quentin from an order of the district court granting appellee's application for a writ of habeas corpus and impliedly invalidating the state court judgment of conviction under which appellee was being held in appellant's custody.[1]

On May 11, 1961, appellee was convicted by a California court sitting without a jury for possession of a firearm by a felon and for possession of a concealed dagger.[2] The writ was applied for and granted on the ground that the evidence essential to appellee's conviction was obtained unlawfully in violation of appellee's constitutional rights.

The relevant facts are not contested. About 3 a. m. on the morning of August 16, 1960, two officers of the Ontario, California, police department stopped a car in the 500 block of West Holt Street in Ontario for a traffic violation. While so engaged one of the officers noticed appellee drive by heading west on West Holt Street. Approximately twenty-five minutes later the officers again saw appellee driving west in the 1400 block of the same street. On this second occasion they followed appellee's car a short distance and then turned on their red light to have appellee pull over. Immediately as the red light went on, one of the officers noticed a passenger in the car slide down in the seat as if to place something under the seat or on the floor. Appellee pulled to the curb, got out, and was asked for identification. No traffic laws had been violated.

The passenger could not get out because a high curb obstructed the right hand door. At the officers' direction, appellee moved the car forward and free of the curb. One of the officers walked to the right hand side of the car, requested the passenger to get out, and asked for iden-

tification. As the passenger opened the door, the officer, standing outside the car, shone his flashlight into the car and saw what appeared to be a gun barrel protruding from under the seat. The officer reached under the seat and found a .22-caliber pistol. At this time appellee and his passenger were told they were under arrest. Appellee stated he had borrowed the gun from a friend for target shooting and pleaded with the officers to give him a "break." Appellee and his passenger were then taken to the police station and searched. Concealed in appellee's back trousers' pocket was found a paring knife which had been sharpened on both sides to a point, thus forming a dagger.

The district court found these facts to be "barren of any justification for stopping of the car driven by [appellee]." The court found it unnecessary to determine whether the initial stopping of the car was an arrest or an informal detention falling short of an arrest because "driving an automobile in the pre-dawn hours—that and nothing more—provides justification neither for arrest *nor* for detention." (Emphasis in original.) The court concluded that because "the constitutional prohibition against unreasonable searches and seizures makes no distinction between detention without cause and arrest without cause," the action of the officers in stopping appellee violated his rights under the Fourth Amendment. Porter v. Wilson, 245 F.Supp. 396 (N.D. Cal.S.D.1965).

We conclude that no right of the appellee was violated when the officers stopped the car and that the subsequent seizure of the evidence upon which he was convicted was justified as pursuant to a lawful arrest. While it is clear that at the time appellee's car was pulled over probable cause for an arrest did not exist, it is also clear that not every time an officer sounds his siren or flashes a light to flag down a vehicle has an arrest

1. The state court decision is reported at People v. Porter, 196 Cal.App.2d 684, 16 Cal.Rptr. 886 (4th Dist. 1961).

2. Possession of a firearm capable of concealment on the person by a felon is a violation of California Penal Code, § 12021. Carrying a dirk or dagger concealed upon the person is a violation of California Penal Code, § 12020.

been made. The initial act of stopping appellee's car was not an arrest.[3] Granting that the constitutional prohibition against unreasonable searches and seizures makes no distinction between informal detention without cause and formal arrest without cause, there is a difference between that "cause" which will justify informal detention short of arrest and the probable cause standard required to justify that kind of custody traditionally denominated an arrest. Our concern here is what degree of cause will justify cursory, informal detention in circumstances which would not justify an arrest, and whether the officers met that standard in the particular circumstances of this case.

We take it as settled that there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Busby v. United States, 296 F.2d 328 (9th Cir. 1961). A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.

One of the detaining officers in the instant case testified as to the facts of appellee's detention at the preliminary hearing, but he did not state in so many words what considerations led him and his partner to stop the car. But where the record discloses circumstances which could have moved an officer in the reasonable exercise of his duty to the action taken, we need not look for a reconstructed, after-the-fact explanation of what may have been nothing more at the time of the occurrence than the instinctive reaction of one trained in the prevention of crime.

When the officers first saw appellee's car, they paid it no particular attention. When they saw the same car twenty-five minutes later, headed the same way on the same street and only a few blocks away, their suspicions were aroused. We cannot say that the circumstances of a car making inordinately slow progress along a street in the small hours of the morning could not reasonably have aroused the suspicions of a local officer alert to the unusual within his beat, and lead him to investigate. As this court stated in Frye v. United States, supra, 315 F.2d at 494:

> [T]he local policeman, in addition to having a duty to enforce the criminal laws of his jurisdiction, is also in a very real sense a guardian of the public peace and he has a duty in the course of his work to be alert for suspicious circumstances, and, provided that he acts within constitutional limits to investigate *whenever such circumstances indicate to him that he should do so.* (Emphasis added.)

3. The contention that probable cause must accompany the wail of the siren in stopping a vehicle has been rejected in many cases. Where defendant is stopped for purposes of checking his driver's license, no arrest has been made. Lipton v. United States, 348 F.2d 591 (9th Cir. 1965). Where a vehicle is stopped because of equipment violations, there has been no arrest. Frye v. United States, 315 F.2d 491 (9th Cir. 1963). And where defendants have been stopped because an officer in the course of his duty reasonably believed some inquiry of them was necessary, the detention is not necessarily an arrest. United States v. Williams, 314 F.2d 795 (6th Cir. 1963) (officers stopping all "strange" cars in an area of recent burglaries); United States v. Bonanno, 180 F.Supp. 71 (S.D.N.Y.1960) (officers stopping all cars leaving a gathering of known criminals). See Busby v. United States, 296 F.2d 328 (9th Cir. 1961), cases cited at p. 331.

There is nothing in the circumstances of this case to indicate that the officers' action was motivated by any considerations other than those suggested to them by the unusual progress of appellee's car in the early morning hours. We have no inclination to indulge in any presumption that the action of the officers was improper. This is not a case where detention of a vehicle is simply a ruse for conducting a search or general investigation unconnected with the circumstances surrounding the detention.[4] We find that the stopping of appellee's car was a reasonable and routine discharge of duty on the part of alert officers of the law.

The initial stopping of appellee's car having been a lawful detention but not an arrest, the admissibility of the evidence subsequently seized will depend upon the point in time when the arrest occurred. If discovery of the pistol preceded the arrest, that discovery provided probable cause for a subsequent arrest and search.

At the time the pistol was observed under the seat, the officers had no grounds to suspect that appellee had previously been convicted of a felony, such conviction being an essential element of the crime charged under California Penal Code, § 12021. However, discovery of the pistol, added to the coincidence of the car's unusual progress and the officer's prior observation of the passenger sliding down in his seat as if "he was placing something down in this seat or on the floor," were sufficient circumstances to justify the officers' belief that a crime had been committed. In any case, discovery of the gun alone, without more, would have justified an arrest under California law for violation of California Penal Code, § 12025, which makes it a crime for anyone to carry a pistol concealed in a vehicle without a license or other legal justification for doing so. See People v. McFarren, 155 Cal.App.2d 383, 317 P.2d 998 (1st Dist. 1957).

When the detention became an arrest is to be determined under state law, subject to such minimum constitutional standards as the Supreme Court has prescribed. United States v. Di Re, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948). California defines arrest as "taking a person into custody." California Penal Code, § 834. It is clear from the record that until the pistol was discovered the officers were only making routine inquiries and had no intention of taking appellee into custody. It is not disputed that appellee and the passenger were not told they were under arrest until after the pistol had been discovered. The officer's observation of the pistol from where he stood outside the car was not a search. The arrest and any search involved, therefore, did not take place until observation of the pistol had provided probable cause, and the evidence in question was thereafter properly seized without warrant incident to a lawful arrest.

Appellant has raised a procedural issue which remains relevant despite our finding in his favor on the merits of this case. Appellant contends that an attack upon a state court judgment of conviction based upon a claim of unlawful search and seizure is not properly made in federal habeas corpus proceedings. Prior holdings of this court are explicitly to the contrary,[5] and we find the question foreclosed by the recent decision of the Supreme Court in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

The decision of the district court is reversed.

---

4. See State of Montana v. Tomich, 332 F.2d 987 (9th Cir. 1964); Toglavore v. United States, 291 F.2d 262 (9th Cir. 1961).

5. State of Montana v. Tomich, supra; People of State of California v. Hurst, 325 F.2d 891 (9th Cir. 1963).