**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward FALLIS, Defendant-Appellant.
No. 23944.**

United States Court of Appeals
Ninth Circuit.
Aug. 6, 1969.

Curtis L. Floyd (argued), San Francisco, Cal., for appellant.

John G. Milano (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and GRAY, District Judge.*

WILLIAM P. GRAY, District Judge.

The defendant appeals from his conviction of robbery of a savings and loan association, in violation of 18 U.S.C. § 2113 (a). We affirm.

Late in the afternoon of July 12, 1968, a man entered the office of a savings and loan association in Burlingame, California, and robbed a teller of $1,118.00. Minutes thereafter, Lawrence F. Pickett, Jr., a police officer of the neighboring city of Millbrae, heard a radio broadcast concerning the crime and noted that the perpetrator was described as "white male American, approximately six feet, medium build, light brown hair, wearing a green suit with a hat and sunglasses and a *white gaucho shirt-sweater*." (Emphasis supplied.)

Officer Pickett thereupon drove his police car toward the scene of the crime, and as he approached that area his attention was attracted to a man (the defendant) sitting in the passenger seat of a Volkswagen automobile and engaged in the process of putting on a polka dot shirt over a white gaucho shirt. As soon as traffic conditions permited, officer Pickett maneuvered his car so that he was directly following the Volkswagen. He then noticed that it carried Nevada license plates and was being driven by a young woman. He also observed that the male passenger appeared to meet other aspects of the broadcast general description, a conclusion that was further confirmed when he stopped the car and instructed the defendant to alight.

In response to officer Pickett's request for identification, the defendant said that he had such identification in the glove compartment of the car. The defendant partially opened the door of the glove compartment with one hand, reached inside with the other briefly and then withdrew it. As he did so, officer Pickett, who was watching closely, caught a glimpse of a bundle of currency inside the glove compartment. Arrest followed, and a search of the car revealed the stolen money and the hold-up note that had been presented to the teller.

The defendant contended unsuccessfully before the trial court, and urges again on appeal, that officer Pickett did

---

* Honorable William P. Gray, United States District Court for the Central District of California, sitting by designation.

not have adequate reason to stop the Volkswagen and interrogate the defendant, and that therefore the arrest that followed was made without probable cause.

Under the above described circumstances, officer Pickett had ample justification to stop the defendant's car in order to make the cursory inquiry that he began. Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966). In fact, we think that officer Pickett should be commended for his alertness. By the time the arrest was made, probable cause therefor abounded.