William O. GAIRSON, Appellant,

v.

Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Appellee.

No. 22797.

United States Court of Appeals
Ninth Circuit.

July 25, 1969.

Rehearing Denied Sept. 30, 1969.

Donald W. Andrews (argued), Salem, Or., for appellant.

David H. Blunt (argued), Asst. Atty. Gen., Lee Johnson, Atty. Gen., Thomas H. Denney, Asst. Atty. Gen., Salem, Or., for appellee.

Before HAMLEY, HAMLIN, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellant is now serving a life sentence in the Oregon State Penitentiary. He was convicted for second degree murder on July 18, 1960, following a jury trial in a state court in Oregon. Appellant did not appeal his conviction, but he did seek postconviction relief which he pursued to an unsuccessful conclusion in the Oregon courts. (Gairson v. Gladden (1967) 247 Or. 88, 425 P. 2d 761.) He thereafter filed a petition for habeas corpus in the United States District Court, under the provisions of 28 U.S.C. §§ 2241–54. The District Court issued an order denying his habeas petition, and he appeals from that order.

The central issue on appeal is this: Was the failure of the state court and of appellant's trial counsel to advise appellant of his right to appeal in forma pauperis a deprivation of his rights secured by the Federal Constitution?

Appellant was indigent at the time he was charged with murder, and his finances have not since improved. Appellant's brothers retained private counsel to defend him on the murder charge. Appellant wanted to appeal from his conviction, and he made that wish known to his brothers and to his trial counsel. His brothers discussed the prospects of an appeal with trial counsel. Trial counsel was unwilling to take the appeal because he was not sanguine about the outcome of an appeal and because he was unable to secure adequate financial commitments from the brothers. When appellant learned that his trial counsel would not prosecute an appeal for him, he asked his brothers to retain another lawyer for him. The brothers were unable or unwilling to underwrite more legal expenses, and no lawyer was retained. No one told appellant that he could pursue an appeal in forma pauperis in which counsel would be furnished to him at public expense. (Entsminger v. Iowa (1967) 386 U.S. 748, 87 S.Ct. 1402, 18 L. Ed.2d 501; Douglas v. California (1963) 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Griffin v. Illinois (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.) Appellant did not find out about an avenue of appeal which was not foreclosed by his own impoverishment or his brothers' dwindling resources until after the normal time for direct appeal had expired.

■ Appellant contends that the state trial court had a duty to advise him of his right to appeal and of the procedure to enforce that right and that the failure thus to advise him was a violation of rights secured to him by the Fourteenth Amendment. To support the contention, he relies upon cases arising in the federal courts, where, under some circumstances, a federal trial judge does have an obligation to advise a criminal defendant about his right to appeal. (*E.g.*, Rodriquez v. United States (1969) 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340; Doyle v. United States (9th Cir. 1966) 366 F.2d 394.) But the source of that duty is the federal rules, not the Federal Constitution. He cites no authority for the principle that adherence to that federal rule by a state court is constitutionally compelled, and there is authority to the contrary. (United States ex rel. Bjornsen v. LaVallee (2d Cir. 1966) 364 F.2d 489.) This case is not one which would cause us to examine anew the principle adopted by the Second Circuit in *Bjornsen*.

■ We turn to the question whether the conduct of appellant's private trial counsel deprived appellant of his right to the effective assistance of counsel, guaranteed to him by the Sixth and Fourteenth Amendments. Appellant was entitled to effective representation by counsel during his trial as a matter of constitutional right. (Gideon v. Wainwright (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799.) He is also entitled to counsel on appeal, because Oregon has extended that right to affluent criminal defendants. (Douglas v. California, *supra;* Gairson v. Gladden, *supra.*) Trial counsel does not have an obligation to represent his client on appeal. But when trial counsel knows that his client wants to appeal, knows that his client is indigent, knows that his client is not represented by appellate counsel, and knows that his client is ignorant of the availability of an indigent appeal and of the procedure for instituting such an appeal, the trial attorney has an affirmative duty to protect his client's right to appeal by filing a notice of appeal, or by telling his client how the client can proceed on his own behalf. A trial attorney who has failed to perform that duty has ineffectively represented his client. Were we to hold that the constitutionally protected right to the assistance of effective trial counsel ended at the moment sentence was pronounced, we would leave many criminal defendants suspended between counsel with the result that direct appeal, otherwise available, would be lost and the time consuming process of postconviction proceedings would be begun. This is precisely what has happened in this case. The failure of appellant's trial counsel to preserve his client's statutory right to appeal resulted in a deprivation of the

assistance of effective trial counsel. (*Cf.* United States ex rel. Maselli v. Reincke (2d Cir. 1967) 383 F.2d 129: Wynn v. Page (10th Cir. 1966) 369 F.2d 930; *see* Doyle v. United States, *supra,* 366 F.2d at 398–399.)

In reaching this decision we do not pass upon the merits of appellant's direct appeal. It is enough to support the relief requested on appellant's habeas petition to decide that appellant had been deprived of his constitutionally secured right to counsel. (*Cf.* Rodriquez v. United States, *supra.*)

We remand this case to the United States District Court and direct that the case be held in abeyance by that court for not longer than 120 days from the date of issuance of the mandate within which time Oregon may grant appellant leave to appeal and provide him with the assistance of counsel, in which event this proceeding shall be dismissed. If Oregon shall fail to grant appellant such leave and assistance, that writ discharging the appellant shall issue.