**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie Calvin JACKSON, Defendant-
Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roberto HERNANDEZ–MACIAS,
Defendant-Appellant.**

**Nos. 23084, 23085.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1970.

Rehearing Denied in No. 23085
April 29, 1970.

Rehearing Denied in No. 23084
May 26, 1970.

Benjamin Lazarow (argued), Tucson, Ariz., for appellant, Jackson.

Gordon T. Alley (argued) Tucson, Ariz., for appellant, Hernandez-Macias.

Jo Ann D. Diamos (argued), Asst. U. S. Atty., Richard K. Burke, U. S. Atty., Tucson, Ariz., for appellee.

Before BROWNING, DUNIWAY and CARTER, Circuit Judges.

DUNIWAY, Circuit Judge:

Jackson and Hernandez-Macias appeal from a conviction under 21 U.S.C. § 174.[1] Their primary contention is that the customs agents did not have probable cause[2] to stop and search the car in which the heroin was found. We affirm.

Jackson registered at the Arroyo Motel in Nogales, Arizona, on January 20, 1968, under the name of James Smith. He did not fill in a car license number on the registration form. However, later he parked a Chevrolet in the space outside his assigned room. The owner of the motel recognized the car, and thought that Jackson was the same person who had registered at his motel three weeks before as Louis Brown and asked to rent a room for only two hours. He therefore called Customs Officer Swindler, who came to the motel at about 6:30 P.M. Swindler and other agents put Jackson's room under surveillance.

Eventually Jackson received a phone call, left the motel, drove around the corner and picked up a passenger, Hernandez-Macias. The car then took a very circuitous route through and around the downtown Nogales area, made a U-turn, and started toward Tucson, all the while followed by from one to four customs vehicles. The customs cars were unmarked and the agents wore no uniforms. After he had been informed by radio that the motel room had been completely vacated, Swindler drove his car alongside Jackson's and flashed a pulsating red light at Jackson, and ordered him to pull over. At the same time one of the other customs cars activated a siren. Instead of stopping, Jackson pulled over on the extreme right edge of the road and slowed to about 45 miles per hour. Hernandez-Macias leaned over and opened the right-hand door, activating the dome light. The door was shut and Jackson accelerated again, reaching a speed of 80 miles per hour before Swindler stopped him, by forcing the car to the side of the road. No one saw a parcel drop from the car, and a later search of the roadside was fruitless.

After the car was stopped, the occupants were given a quick pat search. Then agent Cavitt began searching the car. At this point Jackson asked for his sweater, which was on the back seat of the car. While fetching the sweater Cavitt found a package on the floor of the car behind the front passenger seat. The agents opened the package and discovered heroin. Then Agent Swindler put the two men under arrest.

It is clear that the appellants' conduct after the agents attempted to stop them gave the agents probable cause to believe that a crime was being committed. Appellants claim however, that such actions cannot be considered in weighing the validity of the search, because the activation of the red light was an arrest, and probable cause must have existed before that time to make the search valid.

1. 21 U.S.C. § 174 "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * shall be imprisoned not less than five or more than twenty years * * *. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

2. Probable cause was required in this case, because there was no evidence that either of the appellants had crossed the border; thus a border search which does not require probable cause was not available to the agents.

This circuit has already considered the effect of flashing lights in order to stop a vehicle. In Wilson v. Porter, 9 Cir., 1966, 361 F.2d 412, we said:

"We conclude that no right of the appellee was violated when the officers stopped the car and that the subsequent seizure of the evidence upon which he was convicted was justified as pursuant to a lawful arrest. While it is clear that at the time appellee's car was pulled over probable cause for an arrest did not exist, it is also clear that not every time an officer sounds his siren or flashes a light to flag down a vehicle has an arrest been made. * * *

We take it as settled that there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Busby v. United States, 296 F.2d 328 (9th Cir. 1961). A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." (361 F.2d at 414–415.)

See also State v. Gunter, 1966, 100 Ariz. 356, 414 P.2d 734, 737–738.

■ The agents had been told that Jackson had registered twice at the Ar-

royo Motel using a different name each time, and each time claiming he was afoot, but had both times later driven a car to the motel. A check of the automobile's registration showed it registered to Jackson. The agents had been told that after staying only a few hours, Jackson received a telephone call. They knew that he then drove off, picked up a passenger at a spot away from the motel, and took a very circuitous route out of town. This was some indication that he feared that he was being followed. These facts, coupled with the fact that Nogales is, in the words of the trial judge, "the gateway of all this narcotic business into Arizona," were enough to make the agents suspicious that the occupants of the car might be carrying imported contraband, and to permit them to attempt to stop the car for the purpose of questioning its occupants to resolve those suspicions. The subsequent conduct of the car's occupants was sufficient probable cause for arrest and search.

■ It is true that the agents were not, like local or state police, general guardians of the public peace. They were customs agents, with duties and powers limited to activities of the type that the title implies. Within that area of duty, they have statutory authority to stop vehicles, examine them, and make arrests. 19 U.S.C. § 1581(a), (d), (e), (f); 26 U.S.C. § 7607; 19 U.S.C. § 482.

■■ Next, each appellant contends that the statutory "presumption"[3] contained in 21 U.S.C. § 174 was inapplicable because there was insufficient evidence that he had possession of the heroin. We disagree. Hernandez-Macias' possession is adequately shown by the fact that he evidently attempted to jettison an object from the car after he must have known that the authorities were chasing him. It can readily be inferred that what he attempted to throw out

3. This case was withdrawn from submission while the Supreme Court considered the validity of the presumption in 21 U.S.C. § 174. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610, holds that the presumption is not unconstitutional as applied to heroin.

was the small parcel that was found on the floor behind his seat. Jackson's joint possession is adequately shown by the fact that he cooperated with the attempt at jettisoning by slowing down and pulling over to the side of the road, then accelerating in an attempt to escape. See Jackson v. United States, 9 Cir., 1969, 408 F.2d 306. See also Bettis v. United States, 9 Cir., 1969, 408 F.2d 563.

Hernandez-Macias argues that it was error not to declare a mistrial when Jackson testified that Hernandez-Macias had "another case" meaning that he was being tried elsewhere. We do not think this passing reference created grounds for a mistrial.

Affirmed.