Apolinar NAVARETTE, Jr., aka Paul
Medel Navarette, Petitioner,

v.

Howard M. COMSTOCK, Superin-
tendent, et al.

Civ. No. 70–1861.

United States District Court,
C. D. California.

March 26, 1971.

Apolinar Navarette, Jr., in pro. per.

Evelle J. Younger, Atty. Gen., William
E. James, Asst. Atty. Gen., Robert W.
Carney, Deputy Atty. Gen., Los Angeles,
Cal., for respondents.

ORDER ON PETITION FOR WRIT OF
HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State pris-
oner incarcerated at the Sierra Conser-

vation Center, Jamestown, California, after being sentenced following a non-jury trial to the term prescribed by law, 6 months to 5 years, by the Superior Court of Los Angeles County, on January 7, 1963, for violating Section 23105 of the Vehicle Code (Driving while under the influence of Narcotics). Petitioner did not appeal immediately, for reasons to be discussed later, but did attempt to file a belated notice of Appeal in the Superior Court, Court of Appeal and the California Supreme Court, all of which were denied on September 31, 1969, November 14, 1969, and December 17, 1969 respectively. He also filed petitions with the same Courts for writs of habeas corpus which were denied January 5, 1970, January 26, 1970, and April 9, 1970. The reason given for the latter denials, according to the Petition, was that the questions should have been raised on appeal.

Petitioner contends that:

1. There was no probable cause for his arrest.

2. The search of his person was illegal.

3. There was insufficient evidence to sustain the conviction.

4. He was unaware and not informed of his right to appeal in propria persona.

■ The Court's attention has been directed to Civil No. 70–1862–AAH, filed by this Petitioner in connection with a different conviction but containing similar allegations. 325 F.Supp. 264. This Court takes judicial notice of its own files, but a separate Order will be entered in that case because of the different factual matters. Each petition will be dealt with on its own merits.

The Court has reviewed the Petition, the Response, the Traverse (called "Reply to Response"), and the points and authorities presented by both parties and is prepared to make its findings. It should be noted that Respondent states that he has been unable to locate any transcript of the trial proceedings, but that one would be prepared on Order of this Court (Resp. p. 3). In Petitioner's "Reply to Response" he refers to pages and lines of the transcript (page 2). This material is not before the Court and is not relied upon in its Order.

The uncontroverted facts before us indicate that the police officers saw a car driven by Petitioner pull away from the front of a residence occupied by a man known to police to be a narcotics dealer. They followed the car, noticed that there were no license plates, in violation of the California Vehicle Code, and stopped the Petitioner for questioning. The latter alighted from his car and approached the officers at which time, according to the officers' report, he made certain statements inconsistent with the facts they had seen (Resp. p. 15).

Petitioner showed the officers a temporary license and identification which, he claims, constituted excuse for the alleged violation and precluded any further search or observation. However, at the time of the conversation, the officers noticed that the pupils of Petitioner's eyes were constricted and did not react normally to light. They also saw scabs on his arm, common to narcotics users, including a recent puncture mark still exuding body fluid. They then placed him under arrest for the offense of which he was later convicted.

■ The contention of illegal arrest and search ·is without merit. There may be probable cause to stop a vehicle for investigation which falls far short of that needed for arrest. United States v. Fallis, 414 F.2d 772 (9th Cir. 1969). A brief informal detention of a vehicle for reasonable inquiry is not necessarily an arrest and violates no constitutional right, although later observation made as a result thereof may constitute probable cause for arrest, taking into custody, or seizure of evidence seen at the time of the detention. United States v. Jackson, 423 F.2d 506 (9th Cir. 1970); Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966). As alleged, it is clear from this record that there was probable cause for arrest.

The "search" questioned here was actually the observation of the eyes and arm of the Petitioner. There was no such search as usually envisioned by the term; these observations were matters in plain view of the officers who had a right to be in the position where they could see them because of the Vehicle Code violation. Ponce v. Craven, 409 F.2d 621 (9th Cir. 1969); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Since the arrest was legal, the further "search" of his person was also valid, including procedures taken at the time of booking.

Petitioner discusses at great length the evidence offered to show whether the officers were experts, whether he was a narcotics user, whether he was under the influence at the time, whether his judgment and ability to drive were impaired, the lack of proper tests, and many similar claims. It has long been established that sufficiency of the evidence to sustain a State conviction is not a matter reviewable by Federal habeas corpus. Fernandez v. Klinger, 346 F.2d 210, 211–212 (9th Cir. 1965).

Petitioner's final contention, concerning ineffectiveness of counsel because of denial of the right to appeal, presents the most serious problem. Petitioner states that he had no knowledge of his right to appeal and that he was not informed of this right by counsel or the Court, but that counsel had promised "to persue [sic] the judgment imposed" (Pet. p. 2½). Respondent calls our attention to page 8 of the Supplement to the Petition where the above claim is repeated and Petitioner adds that he indicated his desire to pursue the judgment. It is Respondent's contention that there is a contradiction between the two allegations which undermines Petitioner's credibility. We do not so construe it. The statement of desire *to pursue the judgment,* a phrase originally attributed *to counsel and echoed by Petitioner, does* not in itself indicate that Petitioner knew what to pursue or how to do it, much less negate his allegation of ignorance of the right to appeal at all, or exactly what procedures would be involved.

There is no duty on a State trial Judge to advise of rights to appeal, but it has been recently held that failure of Petitioner's counsel to advise Petitioner of his right to appeal in forma pauperis until after the time for direct appeal had expired, deprives Petitioner of his right to effective trial counsel. Gairson v. Cupp, 415 F.2d 352 (9th Cir. 1969). Respondent would have us limit the holding in this case to a very specific set of circumstances which he claims were not met (Resp. p. 8–9). We do not agree with his conclusion that the right is so limited or that Petitioner has failed to meet the criteria set forth.

Since there is no question that Petitioner is entitled to counsel on appeal, Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it would follow that " * * * [T]he trial attorney has an affirmative duty to protect his client's right to appeal by filing a notice of appeal, or by telling his client how the client can appeal on his own behalf. A trial attorney who has failed to perform that duty has ineffectively represented his client." Gairson v. Cupp, *supra,* 415 F.2d 353.

Petitioner's allegations concerning sufficiency of the evidence cannot be considered here, but they would have been the subject of consideration on direct review. Thus, we cannot concede Respondent's argument that since no valid grounds for review on appeal are alleged other than those stated here the claim appears to be frivolous on its face. In reaching its decision in the *Gairson* case, the Court specifically said that it did not pass on the merits of a direct appeal, but it was enough to support the relief requested to decide that appellant had been denied his constitutionally secured right to counsel.

It is unquestioned that a State may make rule for the orderly exercise of rights granted under discretionary power. Although California Rule of Court 31(a) concerning belated appeals is to

be liberally construed to protect the right of appeal, it has been held in the State that the appellant must explain the reason for the delay and for inconsistent statements. If he does so, relief will be granted because of ignorance of his rights. People v. Acosta, 71 Cal.2d 683, 690, 78 Cal.Rptr. 864, 456 P.2d 136 (1969). Since we do not have before us the record of the State Court petitions nor any written rulings by the State Court, it is impossible to determine the adequacy of such petitions or the reasons for denying relief under Rule 31(a).

Respondent would have us rule that the holdings of the *Gairson* case are to be applied prospectively only in order to protect the State's interest in the orderly regulation of its appellate procedures. However, it is not necessary to reach that point here, especially since we are not dealing with an exclusionary rule, but rather with the purpose to be served by the standard laid down by the Supreme Court in Gideon v. Wainright, *supra*, as set forth in Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L. Ed.2d 1199 (1967).

■■ Petitioner clearly has not had a full and fair hearing in the State as envisioned by Townsend v. Sain, 372 U. S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). It may well be determined there that there was, in fact, an unreasonable delay which would amount to a waiver on the part of Petitioner, or that his allegations are merely conclusory and unfounded in fact, but that does not appear from the record before us at this time. In spite of Respondent's assertions of the number of jailhouse lawyers available, and the fact that it seems incredible that Petitioner would not have learned of his legal rights before 5 years had passed, this is not the case of a Petitioner with a long history of previous crimes and incarcerations, and though it may seem incredible, we must accept as true those allegations which have not been controverted.

Attached to this Petition is a Motion for Subpoena Duces Tecum for all the record of the State proceedings to assist Petitioner. Because of the Order, they will not be necessary.

It is therefore ordered as follows:

1. The Motion for Subpoena Duces Tecum is denied.

2. These proceedings and the present Petition are and each of them is dismissed without prejudice to afford Petitioner the opportunity, within 60 days, to request the California Court of Appeal to appoint counsel to represent him and, with the assistance of counsel, to re-examine the questions set forth above, and to re-submit a Motion for Belated Appeal under California Rule of Court 31(a).

3. If Petitioner does initiate said proceedings, and if such further proceedings are unfavorable to Petitioner, then Petitioner may institute another habeas corpus proceeding in this Court according to the required procedure.