**Paul Medel NAVARETTE, aka Apolinar Navarette, Jr., Petitioner,**

v.

**Howard M. COMSTOCK, Superintendent, et al., Respondent.**

**Civ. No. 70–1862.**

United States District Court, C. D. California.

March 26, 1971.

Paul Medel Navarette in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Robert W. Carney, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is a California State prisoner incarcerated at the Sierra Conservation Center, Jamestown, California, following his sentence after a non-jury trial on April 9, 1964, to the term prescribed by law, 2 to 10 years, for violating Health & Safety Code, § 11500 (Possession of heroin). Petitioner did not appeal, for reasons to be discussed later, but did try to file belated notices of appeal under California Rule of Court 31(a), all of which were denied, in the Superior Court on October 31, 1969, Court of Appeal on November 14, 1969, and California Supreme Court on December 17, 1969. He also filed petitions for writs of habeas corpus in the same Courts which were denied January 5, 1970, January 26, 1970, and April 9, 1970. The last Court cited three cases indicating that habeas corpus would be denied where errors complained of could have been raised on timely appeal.

Petitioner contends that:

1. There was no probable cause for his arrest.

2. Evidence introduced against him should have been excluded as the result of an illegal search and seizure.

3. He was unaware and not informed of his right to appeal.

The Court's attention has been directed to Civil No. 70–1861–AAH filed by this Petitioner in connection with a different conviction, but containing similar allegations. 325 F.Supp. 261. The Court also notes that the dates of the State decisions in both cases are nearly

identical, but that there are substantial factual differences. Thus, while taking judicial notice of our own files, a separate Order has been entered in the previous case.

The Court has reviewed the Petition, the Response, the Traverse (called "Reply to Response"), the points and authorities presented by both parties, and copies of some pleadings and Opinions in the State Courts. It is noted that Respondent states he is unable to locate any transcripts of the State proceedings, but will prepare them if the Court so orders. In Petitioner's "Reply" he refers to pages and lines of a trial transcript, but this material is not before us and is not relied upon.

The facts, according to the Petition and Response, including the Complaint Report, indicate that Petitioner was observed backing into a curb driving a car with no light on the license plate. Because the lack of light was a violation of the California Vehicle Code, and because there was no reason to back into the curb when there were no other cars parked along that curb, the officers were suspicious and stopped to investigate. They noticed that Petitioner's speech was slow and quiet, detected no odor of alcohol, and shone a flashlight into his eyes which were pinpointed and did not react to light.

They then requested permission to search the car and state that Petitioner consented. This he denies. Nothing was found in the car and, allegedly upon request, Petitioner gave them the keys to the trunk where they found the evidence in question. They then arrested Petitioner and found puncture marks on his arm. The officers' report indicates that Petitioner first denied knowledge of the narcotics and narcotic paraphenalia, but later admitted that it belonged to him.

■ Petitioner claims that he presented witnesses who testified that he had not given consent to the search, and that he was not under the influence of narcotics. The latter is irrelevant,

since that is not the charge on which he was charged and convicted, but rather for possession of heroin. The matter of consent involves a contradiction in the testimony, and it is for the trial Judge to decide whom to believe where there is a conflict. Jones v. State of California, 364 F.2d 522, 544 (9th Cir. 1966).

■ The contention of illegal arrest is without merit. Probable cause for stopping a vehicle may fall far short of that needed for arrest, and here the officers were justified in stopping the car because of the Vehicle Code infraction and the erratic driving. United States v. Fallis, 414 F.2d 772 (9th Cir. 1969). Here the stopping did not constitute arrest, and a brief informal detention of a vehicle for reasonable investigation or inquiry violates no constitutional rights. The observations made as a result thereof constituted probable cause for an arrest, taking into custody and seizure of evidence. Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966); United States v. Jackson, 423 F.2d 506 (9th Cir. 1970).

■ The first "search" of which Petitioner complains was the observation of his eyes which caused the officers to suspect that he might be under the influence of narcotics or in possession of them. Since there was probable cause to stop the car, the officers were in a position to make these observations. They had a right to be where they were and to see those things which were in plain view, so that particular evidence as to observations was admissible. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Ponce v. Craven, 409 F.2d 621 (9th Cir. 1969).

The other evidence found in the search was determined by the trial Court to be a matter resulting from Petitioner's consent, contrary to his contentions as previously noted. This question, along with claims of the officers' lack of expertise and other similar contentions, merely go to the sufficiency or weight of the evidence, and are all matters which cannot be reviewed in Federal habeas corpus. Fernandez v.

Klinger, 346 F.2d 210, 211–212 (9th Cir. 1965).

Finally, Petitioner claims that he was not informed of his right to appeal by the Court or by counsel, and that he was unaware of such right or procedure. He states that retained counsel promised "to persue [sic] the judgment imposed" but that he has not seen nor heard from counsel since the date of sentencing and did not know what procedure he proposed to use (Pet. p. 2½), nor did he know the right or method to prosecute an appeal in propria persona (Supp. Pet. p. 10), but only learned of his rights when he attempted post-conviction motions in 1969.

The Response contains an affidavit by trial counsel stating that he has no independent recollection of his advice in this case, but that it was his custom and practice to advise convicted clients of their right to appeal and the procedure to follow (Resp. p. 20, Exh. D). An affidavit in a response can only serve to make the issues which must then be resolved in the usual way. Those who make them must be subjected to examination as are all other witnesses. Wright v. Dickson, 336 F.2d 878 (9th Cir. 1964); Walker v. Johnston, 312 U. S. 275, 287, 61 S.Ct. 574, 85 L.Ed. 830 (1941).

There is no duty on a State trial judge to advise of the right to appeal, but it has been held that failure of petitioner's counsel to advise him of his right to appeal in forma pauperis until after the time for direct appeal had expired, deprived petitioner of his right to effective counsel. Gairson v. Cupp, 415 F.2d 352 (9th Cir. 1969). Respondent would have us limit the holding of that case to certain specific circumstances not here met (Resp. p. 9). We do not agree that the right is so limited or that Petitioner has failed to meet the criteria set forth.

The case does not say that counsel must be aware of Petitioner's desire to appeal, nor must trial counsel know that Petitioner is not represented by appellate counsel. It is true that in the instant case Petitioner had been represented by private trial counsel, and there is no showing that he knew of Petitioner's indigency, but there is an allegation of trial counsel's promise to do something. Since it is unquestioned that there is a right to counsel on appeal, Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it would follow that " * * * [T]he trial attorney has an affirmative duty to protect his client's right to appeal by filing a notice of appeal, or by telling his client how the client can proceed on his own behalf. A trial attorney who has failed to perform that duty has ineffectively represented his client." Gairson v. Cupp, *supra,* 415 F.2d at 353.

■ Respondent states that Petitioner urges no grounds for appeal other than those stated here, which appear to be frivolous on their face (Resp. 9.) The right to counsel on appeal does not depend on merit, but counsel must search for anything which might support an appeal, and the determination of frivolity is a matter for the Appellate Court. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In the *Gairson* case, the Court specifically stated that it did not pass on the merits of the direct appeal, but held that failure by counsel to observe the outlined procedures amounted to a deprivation of the constitutionally secured right to appeal.

Respondent would have us hold that this ruling is to be applied prospectively only in order to protect that State's interest in the orderly regulation of the appellate procedure. It is unquestioned that the State may make rules for the orderly exercise of such rights, and this has been done by requiring that motions for belated appeal under California Rule of Court 31(a), although liberally construed, must explain the reason for the delay or for any inconsistent statements. If these requirements are met, relief will be granted on proof of ignorance of his rights. People v. Acosta, 71 Cal.2d 683, 690, 78 Cal.Rptr. 864, 456 P.2d 136 (1969).

The file contains an Order denying motion to Rescind and/or Defer Court Opinion, filed October 14, 1969, and Order denying Petition for Writ of Habeas Corpus, filed January 5, 1970, both from the Superior Court of Tuolumne County. In both Orders, the Court recites that Petitioner gives no sufficient justification for failure to appeal, or for the long delay in filing for habeas corpus. In addition, it is stated that the allegations are conclusionary in nature, but Petitioner was not given the opportunity to amend to allege with particularity the facts concerning the delay, such as how and when he learned of his rights. Further, neither the Superior nor the Supreme Court refers to the holdings in Gairson v. Cupp, discussed here, and it is not known whether any consideration was given to that holding.

█ It may well be determined by the State that there was in fact such as unreasonable or inexcusable delay by Petitioner as to amount to a waiver, or it may simply find that his allegations of ignorance or of promises are untrue. Indeed, credence is lent to the latter by the lack of allegations about any attempts to communicate with trial counsel or to investigate what attempts, if any, had been made to *pursue the judgment.* Also, it seems strange that Petitioner would not have learned of some sort of legal procedures from fellow prisoners during 5 years of incarceration, as suggested by Respondent. Nevertheless, these are matters of fact, and it is apparent that Petitioner has not had a full and fair hearing in the State as envisioned by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), nor is it clear why such remedies are not now available to him.

Petitioner has attached a Motion for Subpoena Duces Tecum for the record of all State proceedings. In view of our Order, these records will not be necessary.

It is therefore ordered as follows:

1. The Motion for Subpoena Duces Tecum is denied.

2. These proceedings and the present Petition are and each of them is dismissed without prejudice to afford Petitioner the opportunity, within 60 days, to request the California Court of Appeal to appoint counsel to represent him and, with the assistance of counsel, to re-examine the questions set forth above, and to re-submit a Motion for Belated Appeal under California Rule of Court 31(a).

3. If Petitioner does initiate said proceedings, and if such further proceedings are unfavorable to Petitioner, then Petitioner may institute another habeas corpus proceeding in this Court according to the required procedure.