**Daniel UNTERMYER, Plaintiff-Appellant,**

v.

**Donald HELLBUSH, San Mateo County Probation Officer, Defendant-Appellee.**

**No. 72-2422.**

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1973.

Paul K. Robertson, Palo Alto, Cal., for plaintiff-appellant.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Robert R. Grannuchi, Karl S. Meyer, Deputy Attys. Gen., San Francisco, Cal., for defendant-appellee.

Before HAMLEY, KOELSCH, and WRIGHT, Circuit Judges.

PER CURIAM:

Appellant sought a writ of habeas corpus, attacking his conviction in the California state court for possession of marijuana. The district court denied the petition and, on this appeal, we affirm that disposition. Appellant was given a suspended sentence by the state court judge and is now on probationary status.

Appellant was stopped in a motor vehicle by a local police officer in Atherton, California. Marijuana was discovered in the vehicle, the officer seeing it in plain view. Untermyer here contests only the constitutionality of the initial stop, contending that the marijuana subsequently discovered should have been suppressed as the fruit of that stop.

Late in November, at 11:00 p.m., the police officer was patrolling in a residential area in which burglaries had recently been committed. He saw a small foreign car, darkened, parked in front of a darkened home. Appellant was walking from the house to the car. As the officer approached, appellant entered on the passenger side of the vehicle, and the car drove ahead 25 to 30 feet before the headlights were turned on. After following in his patrol car for a quarter of a mile, the officer stopped appellant's car.

The reason given by the officer for the stop was that his suspicions had been aroused by the circumstances related above and he stated that his intention was to identify the occupants of the vehicle. On these facts, the district court determined that the police stop of the car did not constitute arbitrary or harassing action. The court correctly stated the rule in this circuit:

"The standard applicable under the Fourth Amendment to vehicle 'stops' by police for investigatory purposes, as distinguished from the more rigorous probable cause standard applicable to an arrest, is whether the 'stop' is based on a founded suspicion."

Our statement of the rule in Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966) has since been reaffirmed since the Su-

preme Court's decisions in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). The Supreme Court has concluded that the *Terry* standard is no different from our own. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). In that case, the Court said:

> "A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time." *Adams* at 146, 92 S.Ct. at 1923.

The unusual circumstances and appellant's unusual conduct were such as to lead the local police officer "reasonably to conclude in light of his experience that criminal activity may be afoot." Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968).

Affirmed.