**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Neil DIAMOND, Defendant-
Appellant.**

**No. 72–2085.**

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1973.
Rehearing Denied Jan. 16, 1973.

772

Keith C. Monroe (argued), Santa Ana, Cal., for defendant-appellant.

James W. Meyers, Asst. U. S. Atty. (argued), Stephen G. Nelson, Douglas G. Hendricks, Asst. U. S. Attys., Harry D. Steward, U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and POWELL,* District Judge.

WRIGHT, Circuit Judge:

Diamond appeals from his conviction for possession with intent to distribute 693 pounds of marijuana in violation of Title 21 U.S.C. § 841(a)(1) (1970). His principal contention on this appeal is that the district court erred in denying his motion to suppress evidence, marijuana found in the trunk of his car. He also contends that the evidence is not sufficient to show that he knowingly possessed the marijuana. We affirm.

The district court held a hearing on appellant's motion to suppress. Evidence introduced there showed that at 11:00 a. m. on September 14, 1971 Agent Goff of the United States Customs Service observed a 1964 Pontiac parked in a residential section of Calexico, California, six blocks from the Mexican border. Suspicious because he did not recognize the vehicle as belonging to anyone who lived in that neighborhood, Goff placed the vehicle under surveillance.

At 4:00 p. m. on that day appellant was seen entering the vehicle and he appeared to be working under the dashboard. He then left the car, locked it, and headed on foot in the direction of the border. He stopped for a few minutes at a service station and then continued on foot across the border. Agent Pettingill inquired of the attendant at the service station and learned that appellant had produced an automobile ignition switch and asked to have made a key to fit it.

About 5:10 p. m. Agent Goff learned that appellant had returned from Mexico. Diamond had apparently been stopped and searched at the border and was in possession of an automobile key and an ignition switch.

At 5:20 p. m., within view of Agents Goff and Pettingill, appellant approached the Pontiac, unlocked and entered it, and was seen working under the dashboard. He started the vehicle and drove west and north through Calexico and north on Highway 111 to Interstate 8. He entered Interstate 8 heading west, being followed by Agents Goff, Pettingill and Fernandez, each in separate unmarked cars.

When appellant passed the exit to El Centro, Agent Goff decided to stop him, drove alongside, sounded a siren and displayed a red light. Appellant looked back but continued for about a mile without stopping or slowing down. He then looked back a second time, nodded, and drove to the side of the highway. Agent Goff's siren and light had been in continuous operation.

Agents Goff and Pettingill testified that each detected a strong odor of marijuana when he approached the Pontiac. Agent Goff opened the trunk of the Pontiac and found the marijuana inside.

The Government does not rely on the theory of a "border search" to justify what occurred. Instead it characterizes the stop on the highway as a "routine investigation," not requiring a showing of probable cause. See Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d

---

* Honorable Charles L. Powell, Senior United States District Judge, Spokane, Washington, sitting by designation.

612 (1972); Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966).

Thus, it argues, the initial stop was valid and the heavy odor of marijuana which became apparent after the stop gave the agents probable cause to conduct a thorough search of the vehicle. *See* United States v. Blackstock, 451 F. 2d 908 (9th Cir. 1971); Fernandez v. United States, 321 F.2d 283 (9th Cir. 1963). Appellant contends that because there were no "articulable facts" present upon which the agents could have a "founded suspicion" that he was engaged in the drug traffic the investigatory stop was unlawful. *Cf*. United States v. Davis, 459 F.2d 458 (9th Cir. 1972).

 We note at the outset that the the stop here was not made by ordinary police officers but by agents of the United States Customs Service. As we noted in United States v. Jackson, 423 F.2d 506 (9th Cir. 1970), cert. denied 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 57 (1970), customs agents are not general guardians of the public peace, as are state or local police. Their powers to search places and to search and arrest persons are limited by statute. *See* Title 19 U.S.C. § 482 (1970). Our consideration is limited, then, to whether the circumstances gave these agents a founded suspicion that a violation of the customs laws or laws relating to narcotic drugs was occurring.

We agree with the district court's finding, implicit in its denial of the motion to suppress, that some basis for a founded suspicion existed. The facts known to the customs agents at the time of the stop strongly suggested that appellant had taken possession of a vehicle for which he had not had keys. From this they could logically infer that he was not the person who had parked the vehicle.

 Considering the additional facts that the vehicle was parked very near the border and that Agent Goff, well acquainted with the neighborhood, could not identify it as belonging to anyone living there, appellant's activity was suspicious enough to justify a stop by the customs agents to question him about his activities.

Furthermore, Agent Goff testified that he had not intended to search the car before he detected the strong odor of marijuana coming from within it. The district judge believed this testimony and we have no reason to disagree. United States v. Portillo, 469 F.2d 907 (9th Cir., 1972) is not in point.

We find that the agents had a reasonable basis for stopping the Pontiac to question appellant. We also find that the appellant's conduct after seeing and hearing Agent Goff's efforts to stop him and the strong odor of marijuana gave the agents probable cause to search the automobile trunk. United States v. Blackstock, *supra*; Fernandez v. United States, *supra*.

 Appellant's final point is that the evidence of knowledge on his part that the marijuana was present was not sufficient to sustain the conviction. We disagree. The evidence showed that appellant was the driver in control of a vehicle, containing a large quantity of marijuana and that he failed to stop when first ordered to do so. Moreover, the heavy odor of marijuana detected by Agents Goff and Pettingill suggests strongly that appellant was not unaware of its presence. *Compare* United States v. Leazar, 460 F.2d 982 (9th Cir. 1972).

The judgment of conviction is affirmed.