28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Einstein HAYWARD, Petitioner-Appellant,
v.
Salvador GODINEZ, Respondent-Appellee.
 No. 93-16252.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 10, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger E. Hayward, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm in part, reverse in part, and remand.
 
 
 3
 * Background
 
 
 4
 In 1982, a jury convicted Hayward of three counts of lewdness with a minor and one count of sexual assault. Hayward was sentenced to life imprisonment for the sexual assault and ten-year concurrent terms of imprisonment on each of the other counts. Hayward did not file a direct appeal of his conviction. In January 1988, Hayward filed a petition for a writ of habeas corpus in state court raising three grounds for relief: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, and (3) judicial misconduct. After the trial court denied the petition, Hayward appealed. In its order dismissing the appeal, the Nevada Supreme Court refused to consider Hayward's claims of prosecutorial and judicial misconduct, stating: "Because these are claims which could have been raised on direct appeal, they are now waived [under Nev.Rev.Stat. Sec.] 34.810." The Nevada Supreme Court rejected Hayward's ineffective assistance claim on the merits. Hayward's federal habeas petition alleged the same three grounds for relief. The district court determined that Hayward had procedurally defaulted his claims of prosecutorial and judicial misconduct, and had not demonstrated cause and prejudice to excuse the default. The district court rejected Hayward's ineffective assistance of counsel claim on the merits.
 
 II
 Ineffective Assistance of Counsel
 
 5
 A. Alleged Pre-Trial and Trial Errors by Counsel
 
 
 6
 Hayward contends that he received ineffective assistance from his trial counsel, Deputy Public Defender William Patrick Henry. In particular, in his amended habeas petition, Hayward alleged that Henry was ineffective because he: (1) failed to seek dismissal of the sexual assault charge on the ground of insufficient evidence, (2) refused to voir dire prospective jurors and did not exercise any peremptory challenges, thereby allowing biased jurors to be chosen, (3) failed to object to hearsay testimony, (4) failed to seek a mistrial on the grounds of prosecutorial and judicial misconduct, (5) failed to request a psychiatric evaluation of Hayward prior to sentencing, (6) did not adequately discuss the case with Hayward before trial and refused to bring pre-trial motions challenging the state's main witness.
 
 
 7
 To demonstrate ineffective assistance, a defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A tactical decision by counsel with which the defendant disagrees cannot form the basis of an ineffective assistance claim. Id. at 690; Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984). "In ruling on a petition for a writ of habeas corpus, a federal court is not to overturn a factual conclusion of a state court, including a state appellate court, unless the conclusion is not 'fairly supported by the record.' " Parker v. Dugger, 498 U.S. 308, 320 (1991) (quoting 28 U.S.C. Sec. 2254(d)(8)).
 
 
 8
 The state trial court appointed counsel for Hayward and held an evidentiary hearing to resolve the ineffective assistance of counsel claims raised in Hayward's state habeas petition. Both Hayward and Henry testified at the hearing. On the basis of Henry's testimony, which the trial court found to be credible, the Nevada Supreme Court made written findings that Hayward's claims of error during trial and pretrial proceedings were either refuted by Henry's testimony at the evidentiary hearing, or amounted to reasonable tactical decisions that cannot constitute ineffective assistance of counsel. Absent a showing that one of the exceptions enumerated in section 2254(d) applies, the Nevada Supreme Court's factual determinations are entitled to a presumption of correctness. See Parker, 498 U.S. at 320; Sumner v. Mata, 449 U.S. 539, 546-47 (1981); 28 U.S.C. Sec. 2254(d).
 
 
 9
 Hayward has not established that any of the section 2254(d) exceptions applies to this case. Accordingly, with respect to Hayward's allegations of pre-trial and trial errors committed by Henry, Hayward has not demonstrated that he received ineffective assistance of counsel. See Strickland, 466 U.S. at 690; Guam, 741 F.2d at 1169.
 
 
 10
 B. Counsel's Failure to Perfect Direct Appeal
 
 
 11
 Hayward also contends that Henry rendered ineffective assistance of counsel because he failed to protect Hayward's right to a direct appeal. We agree.
 
 
 12
 In his amended habeas petition, Hayward alleged that Henry:
 
 
 13
 succeeded in withdrawing immediately after sentencing not only failing to assist me in effecting an appeal as he promised, but also in intentionally failing to deliver unto me the transcripts as instructed by the court. As a result, my waiver of my right to counsel on appeal was not only involuntary and unknown [sic], but was garnered by subterfuge and trickery.
 
 
 14
 The state court record reveals that, immediately after sentencing, the following colloquy occurred between the trial judge, Henry, and Hayward:
 
 
 15
 MR. HENRY: Thank you, your Honor.
 
 
 16
 In talking with Mr. Hayward he has informed me that he does wish to appeal; however, he wishes to represent himself in that matter, and in addition he has discussed raising the issue before the Supreme Court of my incompetency at trial.
 
 
 17
 So, I would ask that the Public Defender be relieved at this time.
 
 
 18
 THE COURT: Have you perfected an appeal?
 
 
 19
 MR. HENRY: No, your Honor.
 
 
 20
 THE COURT: Is that what you want to do?
 
 
 21
 THE DEFENDANT: I would like to know if I can have copies of the transcripts necessary for me to take the case myself.
 
 
 22
 THE COURT: Well, your clock is running today. You have 30 days to perfect your appeal.
 
 
 23
 THE DEFENDANT: Will they be able to get the papers that soon?
 
 
 24
 THE COURT: What you have, all transcripts available to the Public Defender, will be given to the defendant, and the Public Defender is allowed to withdraw.
 
 
 25
 MR. HENRY: Thank you, your Honor.
 
 
 26
 In ruling on Hayward's claim that he was denied his right to effective assistance of counsel on direct appeal, the Nevada Supreme Court found that:
 
 
 27
 Henry withdrew because [Hayward] indicated that he wished to represent himself on appeal and to allege that Henry had been ineffective. Therefore Henry was required to withdraw. The record indicates that the district court then warned [Hayward] that he had only thirty days in which to perfect his appeal. [Hayward] simply failed to do so.
 
 
 28
 But even if we accord the Nevada Supreme Court's finding a presumption of correctness under section 2254(d), it does not resolve Hayward's claim.
 
 This court has held that:
 
 29
 [C]ounsel for a defendant convicted of a crime in a state court has an affirmative duty to protect his client's right of appeal by filing a notice of appeal for his client or by telling him how he can proceed on his own behalf. The failure to perform this obligation deprives a defendant of effective assistance of trial counsel when the lawyer knows that his indigent client may want to appeal and that his client does not know how to do so.
 
 
 30
 Riser v. Craven, 501 F.2d 381, 382 (9th Cir.1974) (en banc) (citing Gairson v. Cupp, 415 F.2d 352 (9th Cir.1969)).
 
 
 31
 Here, after sentencing, Henry informed the trial court that Hayward wanted to appeal. The record thus demonstrates that Henry knew of Hayward's desire to appeal. But Henry failed to file a notice of appeal for Hayward before withdrawing from the case. Nor is there any evidence that Henry ever told Hayward how to perfect an appeal himself. See Riser, 501 F.2d at 382 (trial counsel has an affirmative duty to protect his client's right to appeal either by filing a notice of appeal or by telling his client how to do so).
 
 
 32
 To the contrary, the record before us indicates that Hayward believed that he could not perfect an appeal until he obtained a copy of the trial transcript. When the trial judge told Hayward that he had thirty days to perfect his appeal, Hayward responded by asking whether he would be able to get the transcripts that soon. Moreover, on October 22, 1982, before the thirty-day appeal period had expired, Hayward wrote to the trial judge and explained:
 
 
 33
 Although the court saw fit to dismiss the public defender and allow me to continue pro per, no papers dealing with the case have been afforded me at this date. I will certainly need trial transcripts and other pertinent information if I am to be allowed due process and proper access to the courts. Time runs out on 10-27-82.
 
 
 34
 The record contains no evidence that Hayward received any response to this letter. Nor is there any evidence that Hayward was ever provided with copies of the trial transcripts, despite the trial court's instruction to Henry to provide Hayward with the transcripts.[1]
 
 
 35
 Given this record, we conclude that the failure of trial counsel to preserve Hayward's right to appeal constituted deficient performance. See Butcher v. Marquez, 758 F.2d 373, 375-76 (9th Cir.1985) (counsel's performance is deficient if he "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made") (citing Strickland, 466 U.S. at 686-87); accord Gairson, 415 F.2d at 353 ("The failure of appellant's trial counsel to preserve his client's statutory right to appeal resulted in a deprivation of the assistance of effective trial counsel.")
 
 
 36
 Furthermore, Hayward need not show that he has meritorious issues to present on appeal; prejudice is presumed when an attorney's deficient performance results in an "[a]ctual or constructive denial of the assistance of counsel altogether[.]" See Strickland, 466 U.S. at 692; accord Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992) ("prejudice is presumed under Strickland if it is established that counsel's failure to file a notice of appeal was without [his client's] consent").
 
 
 37
 We therefore conclude that Hayward was deprived of his constitutional right to effective assistance of counsel. See Strickland, 466 U.S. at 687, 692; Gairson, 415 F.2d at 353-54. Accordingly, we reverse in part the denial of Hayward's section 2254 petition. We remand the case to the district court. The district court shall issue the writ and determine a reasonable time in which the State of Nevada shall grant Hayward a delayed appeal with the benefit of appointed counsel unless he chooses to proceed pro se, or release him. See Lozada, 964 F.2d at 959; Gairson, 415 F.2d at 354.[2]
 
 
 38
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record further reveals that on July 11, 1985, Hayward filed a motion for production of the trial transcripts in which he sought "an order authorizing transcription of all proceedings in said case and at the expense of the state of Nevada, and to be delivered to [Hayward] for purpose of review for further appeals."
 
 
 [2]
 We decline to consider the other claims raised in Hayward's section 2254 petition. Because we have concluded that Hayward is entitled to an appeal in state court, he will have the opportunity to present these, or other, claims to the state court. The interests of comity and federalism are best served by allowing the state courts to have the first opportunity to review Hayward's claims. See 28 U.S.C. Sec. 2254(b); cf. Rose v. Lundy, 455 U.S. 509, 518 (1982) (providing state courts with first opportunity to consider federal claims preserves the important role of state courts in the enforcement of federal law)