UNITED STATES of America,
Appellee,

v.

Ronald Lee ELDER, Appellant.

UNITED STATES of America,
Appellee,

v.

Ernest Solorio GUERRERO, Appellant.

UNITED STATES of America,
Appellee,

v.

David Allen DISBROW, Appellant.

Nos. 23911–23913.

United States Court of Appeals,
Ninth Circuit.

April 24, 1970.

Franklin Geerdes, Chula Vista, Cal.,
for Elder and Guerrero.

Samuel Hecsh, of Hecsh, Heger & Philbin, San Diego, Cal., for Disbrow.

Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and BYRNE, District Judge *.

BYRNE, District Judge:

Appellants and one David Sireika were convicted on charges of knowingly concealing and facilitating the transportation and concealment of 68 pounds of marijuana which the appellants knew had been imported into the United States contrary to law (violation of 21 U.S.C. § 176a), and of conspiring to commit the foregoing acts. A third count charging that appellants and Sireika aided in the smuggling of 3800 seconal capsules was dismissed in the trial court.

At about 10:30 P.M. on July 31, 1967, appellants Disbrow and Guerrero drove a Volkswagen sedan into the Port of Entry at Tecate. Both made negative customs declarations. The border officials conducted a search of the car, looking under the front and rear seats, and examining the passenger, engine and front trunk compartments. No contraband was found and the travelers proceeded inland with Disbrow driving.

After passing the car through the border inspection, a Tecate Customs Inspector notified an Immigration Patrol Inspector that Disbrow and Guerrero were very nervous at the crossing and had aroused the suspicions of the Tecate official. The car's license number was also relayed to the Immigration Inspector, Willard Tuffley.

Tuffley waited in his auto by the side of east-west highway 94 about one mile from Barrett Junction.[1] Shortly thereafter the Volkswagen passed Tuffley and traveled in a westerly direction. Tuffley testified that there were two people in the car. He was unable to identify the driver. About one-half hour later, the Volkswagen passed Tuffley's location traveling east. Once again there were two unidentified persons in the vehicle.

Another half-hour passed. The Volkswagen then appeared on a highway moving in a westerly direction. During this third observation Tuffley noticed that David Sireika was driving the car.[2] The Immigration Inspector testified that he was parked only eight feet away from the highway when the car passed.

Deciding to investigate, Tuffley followed the Volkswagen for about three miles before bringing the car to a halt. At this time Tuffley observed four occupants in the car. After ascertaining the citizenship of the appellants and Sireika, Tuffley directed his flashlight beam into the passenger compartment. There were no aliens on the car floor. Tuffley next opened the front trunk. In addition to the usual spare tire the compartment held about sixteen wrapped packages of marijuana.[3] Another fifteen packages were found in a knapsack behind the rear seat. The four occupants of the car were placed under arrest.

All four defendants were found guilty as charged in counts one and two, and Elder, Guerrero and Disbrow have appealed.[4]

Three errors are specified on this appeal: (1) "denial of the motion to sup-

---

* Honorable William M. Byrne, United States Senior District Judge, Central District of California, sitting by designation.

1. Barrett Junction lies west of the intersection of the Tecate road and Highway 94.

2. Appellant Disbrow testified that he picked up the car's owner, David Sireika, at a point west of Campo, California, and near a small roadside market. There was noth-

ing in the record on the circumstances of appellant Elder's entry into the auto.

3. One of the packages was ripped. Marijuana was clearly visible in the torn space. The trunk contained three pair of shoes, a coat, a camp pack and some unascertained camping equipment.

4. Co-defendant David Sireika did not file a notice of appeal.

press filed under Rule 41(e), Federal Rules of Criminal Procedure, and the subsequent admission into evidence of approximately 68 pounds of marijuana seized from appellants on the date of the arrest." (2) "denial of a motion for judgment of acquittal on the basis of the insufficiency of the evidence to sustain a conviction under Rule 29, Federal Rules of Criminal Procedure." (3) "insufficiency of the evidence to sustain a conviction by jury."

We reject all three.

Evidence to establish the Mexican origin of the marijuana was offered at the trial. United States Customs Agent Walter Buck testified that the contraband was "similar to many packages I have seen that have come from Baja California".

■ Unlike Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), in which the defendant testified without contradiction that he had obtained the marijuana in New York, the circumstances in our case justified the jury in finding that the contraband was imported illegally. The negative customs declarations in crossing the border in a then "unloaded" car, as well as the appellants' proximity to the international border, are factual circumstances which support an inference of illegal importation.

■■ As to knowledge of the illegal importation, it is well established that possession can be established by circumstantial evidence. Covarrubias v. United States, 272 F.2d 352 (CA 9 1959); Evans v. United States, 257 F.2d 121 (CA 9 1958), cert. den. 358 U.S. 866, 79 S.Ct. 98, 3 L.Ed.2d 99 (1958). By a parity of reasoning we hold that the erratic driving patterns of the appellants, the unaccounted for presence of Elder and Sireika, and the two knapsacks (used for back packs) found in the car properly could be an adequate basis for the jury finding that the appellants had the requisite knowledge.

As required by Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1941) we must view the evidence in the light most favorable to the Government. With that understanding we cannot say that the evidence presented on the question of knowledge of illegal importation was insufficient. Stoppelli v. United States, 183 F.2d 391, 393 (CA 9 1950).

The last contention of the appellants concerns the legality of the search conducted by Immigration Inspector Tuffley. Appellants argue that Tuffley had no probable cause for belief that "an alien could be concealed in so small a compartment" as the trunk of a two-door Volkswagen sedan. We find the argument without merit.

■ It is clear that a warrantless search for aliens may not extend into places in which no person could hide. Contreras v. United States, 291 F.2d 263 (CA 9 1961) (paper sack); Valenzuela-Garcia v. United States, 425 F.2d 1170 (CA 9 1970) (six inch space behind trunk panel); Roa-Rodriguez v. United States, 410 F.2d 1206 (CA 10 1969) (man's windbreaker jacket); United States v. Winer, 294 F.Supp. 731 (W.D. Tex.1969) (floor under seat of compact auto).

■ The front trunk of Sireika's car measured about three feet by two feet horizontally and about seven and one-half inches vertically from the spare tire to the trunk hood.[5]

■ The trial judge denied the appellants' motion to suppress, holding that although the trunk was small, a person

---

5. Since Tuffley had no way of knowing whether the spare tire was in the trunk until he actually opened the compartment we need to consider the dimensions of the trunk without the tire. The trial record contains no adequate information on this point although there was testimony offered that two standard-sized suitcases could be placed on the tire and the trunk then closed. Inspector Tuffley testified the trunk on "any other Volkswagen would be about two (feet) at the deepest part".

of diminutive stature could have been concealed therein. He concluded that the probable cause requirement was thereby satisfied. We agree.

Not content with the resolution of this factual issue against them, the appellants claim that "the possibility of putting *a small alien* in the trunk does not satisfy the requirement (of probable cause)". No cases are cited by the appellants in support of this frivolous assertion and undoubtedly there are none.

The judgments are affirmed.