UNITED STATES of America, Plaintiff-Appellee,

v.

John Vincent OSWALD, John Paul Ahlstrom, Raymond Gene Bublitz, William Orme Cochrane, Defendants-Appellants.

Nos. 26405, 26416, 26417 and 26419.

United States Court of Appeals, Ninth Circuit.

April 8, 1971.

Robert L. Beal (argued), William T. Healy, Law Offices of William T. Healy, P. C., Tucson, Ariz., Bette Gertz, Los Angeles, Cal., for Raymond Gene Bublitz.

James E. Mueller (argued), James M. Wilkes, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before HAMLIN, DUNIWAY and WRIGHT, Circuit Judges.

HAMLIN, Circuit Judge.

Appellants Oswald, Ahlstrom, Bublitz and Cochrane were charged in an indictment with receiving, concealing and facilitating the transportation of approximately sixty-three pounds of marihuana some eleven miles north of Lukeville, Arizona, on Arizona Highway 85, after same had been imported into the United States contrary to law, in violation of 21 U.S.C. § 176a. After a jury trial, appellants were found guilty and sentenced to a term of imprisonment. This court has jurisdiction over the present timely appeal under 28 U.S.C. § 1291. We affirm.

On appeal, the evidence must be viewed in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). On February 25, 1970, shortly before midnight, appellant Ahlstrom, driving alone in a vehicle with California license plates, approached the border crossing at Lukeville, Arizona, from Mexico. A routine border examination was conducted

by Customs Inspector Seaver. On opening the trunk of the vehicle, Inspector Seaver detected the odor of marihuana. He also noticed some seeds and loose vegetable matter on the floor which resembled the debris from marihuana. The trunk also contained a large quantity of clothes, most of them loose, which appeared to belong to several persons.[1] Inspector Seaver allowed the vehicle to pass and Ahlstrom commenced to drive north on Arizona Highway 85.

Inspector Seaver then called the Pima County Sheriff's office at Ajo, Arizona, about forty miles north of Lukeville, fully related the information concerning appellant Ahlstrom and the vehicle, and that office contacted Special Agent Corley of the Bureau of Customs. Acting on this information, Agent Corley proceeded to drive south toward Lukeville. He observed a vehicle fitting the description some four miles north of Lukeville at about 1:25 a. m., but noted it now contained four persons. He followed it north to a point eleven miles north of the border crossing and there stopped it. As he approached the driver's side of the vehicle, he directed his flashlight inside and observed two persons sitting in the rear seat with two backpacks between them and two persons in the front seat with a suitcase between them. In plain view protruding halfway from one of the backpacks was a package wrapped in red and blue paper. From his extensive experience with the smuggling of narcotics in the area, he believed the package to be a kilo brick of marihuana. Appellants were advised immediately of their rights and placed under arrest. A subsequent search of the vehicle produced sixty-three pounds of marihuana. At

pretrial, appellants moved to suppress this evidence, but it was denied by the district judge. Renewed objections were made to the introduction of evidence obtained as a result of this search at trial and also denied. Appellants assert this was error.

■■■ Appellants argue in support of the motion to suppress that Agent Corley had "no grounds whatsoever" to stop the vehicle and the accompanying search was a warrantless one in violation of appellants' fourth amendment rights. We have recognized that "there is nothing ipso facto unconstitutional in the brief detention of citizens under circumstances not justifying an arrest, for purposes of limited inquiry in the course of routine police investigations." Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966). See id., at 415 n. 3. When the agent stopped the vehicle, to argue that there were "no grounds whatsoever" for the stopping ignores the information communicated by Inspector Seaver. His suspicions were even more aroused by the fact the vehicle now contained four persons. Armed with this information, we conclude that Agent Corley had an absolute right to stop the vehicle driven by appellant Ahlstrom and containing appellants Oswald, Bublitz and Cochrane to make inquiry concerning their activities.

■■■ On approaching the driver's side of the vehicle, the agent saw what he had reason to believe was a kilo brick of marihuana protruding from the backpack between the two passengers in the rear seat.[2] There existed at this point reasonable [3] grounds to believe appellants were violating federal narcotics law and the arrest was proper. As the

---

1. Appellant appeared to be very nervous.

2. Agent Corley's viewing of the backpack with the protruding package in the rear seat did not constitute a "search." *See* United States v. Capps, 435 F.2d 637, 641 (9th Cir. 1970).

3. A federal customs agent is authorized to make an arrest without a warrant where he "has reasonable grounds to believe that the person to be arrested has committed

or is committing" a violation of federal law relating to narcotic drugs or marihuana. 26 U.S.C. § 7607(2). The terms "probable cause" and "reasonable cause" are substantial equivalents. *See* Draper v. United States, 358 U.S. 307, 310, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); El-kanich v. United States, 327 F.2d 417, 418 (9th Cir. 1964), cert. denied, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964).

arrest was lawful, so was the search incident to it. *See* Page v. United States, 437 F.2d 440 (9th Cir. 1970). We find the government has sustained its burden and justified the warrantless search of the vehicle. Thus finding an adequate basis to sustain the search and seizure, we feel it unnecessary to reach the government's argument in the alternative that the search is sustainable as a border search.

Appellants next contend that the court committed error in failing to grant appellants' motion for a mistrial. This motion was predicated on the ground that appellee's counsel and counsel for appellant Bublitz were negotiating for a possible reduction of the charge in possible earshot of perhaps three or four potential jurors. An examination of that part of the record containing the subsequent voir dire of the prospective jurors failed to show any reason why they could not fairly sit in judgment of appellants. In fact, counsel never asked any questions relating to this earlier conversation which might have been heard, nor was it shown that any of the actual jurors were in the court room at the time of the conversation. We find no merit to appellants' argument.

Appellants finally urge that there is insufficient evidence to support a finding that they knew the seized marihuana was imported contrary to law. They rely upon the Court's recent ruling in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), holding that mere possession of marihuana alone is insufficient to support a finding of knowledge of importation, thereby invalidating the presumption formerly found in 21 U.S.C. § 176a. We find this contention likewise without merit.

 It is well established that knowledge of importation may still be proven by circumstantial evidence. United States v. Elder, 425 F.2d 1002 (9th Cir. 1970). Inspector Seaver testified to the facts surrounding appellant Ahlstrom's border crossing. Agent Corley related the facts surrounding appellants' arrest and also described a side road running along the border, where the fence was only a four-strand barbed wire fence, with another road nearby on the Mexican side. He also testified that he was not aware of any marihuana growing in the Lukeville area.[4] We feel that these facts provide an adequate basis upon which the jury could reasonably find that appellants themselves imported the marihuana from Mexico so that they necessarily had knowledge of its importation.

The judgments are affirmed.

4. Such a seemingly arbitrary statement becomes more credible in light of the nature of the Lukeville area, the large amount of marihuana confiscated at the time of the search, and Agent Corley's testimony to the effect that it was within the purview of his duties to patrol Lukeville and the surrounding area for the possible growth of marihuana. For a detailed description of Lukeville and the surrounding area, see United States v. Kandlis, et al., 432 F.2d 132 (9th Cir. 1970).