UNITED STATES of America,
Plaintiff-Appellee,

v.

James Edward POWELL and Kenneth
Wayne Wheeler, Defendants-
Appellants.

Nos. 71–1690, 71–1691.

United States Court of Appeals,
Ninth Circuit.

Aug. 31, 1971.

**336**

George W. Hunt, George Haverstick, San Diego, Cal., for defendants-appellants.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., Nancy Duff, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before HAMLEY, HUFSTEDLER, and KILKENNY, Circuit Judges.

PER CURIAM:

Codefendants Wheeler and Powell appeal from their respective convictions for violating 21 U.S.C. § 176a. Both appellants challenge the legality of the search that revealed the marihuana. Wheeler attacks the sufficiency of the evidence to sustain his conviction.

On the evening of September 13, 1970, a border patrol agent saw a pickup truck stop on a road about a mile and a half from the Mexican border. The truck lights were off, and the driver got out of the vehicle and lifted the hood. Someone milled around the truck. The agent notified two other agents about the stopped truck. About 15 minutes after the truck had stopped, the hood went down and the truck was driven a short distance to the south, then turned around and moved north. The two agents who had been contacted had kept the truck in view, and shortly after the truck turned around, the agents stopped it. One of the agents saw two backpacks in the rear of the truck from one of which protruded a package that appeared to be a kilo brick of marihuana. Thereupon, the agents searched the truck and found 165 pounds of marihuana.

Agent Spence observed footprints around the place the truck had initially stopped. The tracks proceeded about 75 yards to a brush area less than a mile from the border. At that point there were indentations in the ground indicating that a burden had been there rested. The same agent described both Wheeler's and Powell's boots, each of which had some unusual characteristics. He identified the tracks as those made by Wheeler's and Powell's boots.

■ The observations of the border patrol agents were appropriately made from their lawful vantage points. (Harris v. United States (1947) 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399.) Their observations fully justified their stopping the truck and looking in the open bed of the truck. When the agent saw the package that appeared to be marihuana, he had probable cause to search the vehicle. (United States v. Oswald (9th Cir. 1971) 441 F.2d 44.) Because there was probable cause for the search, it is unnecessary for us to decide whether or not this was a border search for which probable cause is unnecessary. Both the search and the arrests of the appellants were valid.

■ We turn to Wheeler's additional contentions. First, he argues that the district court should have sustained his objections to Agent Spence's testimony about the footprints because Spence lacked sufficient training to qualify him as an expert witness. We perceive no abuse of discretion in the district court's acceptance of Spence's qualifications. (Ignacio v. Territory of Guam (9th Cir. 1969) 413 F.2d 513, cert. denied (1970) 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed.2d 124.) Wheeler's arguments attack the weight, not the admissibility of Spence's testimony.

■ Next, Wheeler says the Government failed to prove that the marihuana had any commercial value and that such proof is an element of the offense, citing Current v. United States (9th Cir. 1961) 287 F.2d 268. *Current* did not hold that the Government had the burden of prov-

ing commercial value. It simply said that evidence of commercial value could be adduced by the Government to rebut any inference that might arise that a defendant did not intend to defraud the Government because the quantity of marihuana was arguably *de minimis*.

 Finally, Wheeler argues that the evidence was insufficient to prove that the marihuana was illegally imported or that he had the requisite knowledge. We think the circumstantial evidence was enough to support Wheeler's conviction on both counts. (*Cf.* United States v. Elder (9th Cir. 1970) 425 F.2d 1002; Figueroa v. United States (9th Cir. 1965) 352 F.2d 587.)

The judgments are affirmed.