**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Adolf ZUBIA–SANCHEZ, Defendant-**
**Appellant.**

**No. 71–1683.**

United States Court of Appeals,
Ninth Circuit.

Sept. 22, 1971.

George Haverstick, Philip DeMassa, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Robert H. Filsinger, Chief, Crim. Div., San Diego, Cal., for plaintiff-appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM:

Appellant was convicted of nine violations of 8 U.S.C. § 1324. He challenges the validity of the search and arrest which led to his conviction. We affirm.

An unidentified northbound motorist reported to Border Patrol Agent Gonzalez at the border patrol checkpoint on Interstate 5 north of Oceanside, California, that a 1957 station wagon had dropped off some people at a point on the highway south of the checkpoint.

Appellant arrived at the checkpoint approximately one minute later. He was driving a green station wagon. Agent Gonzalez motioned him to the secondary checking area, inquired as to his citizenship, and told him he had been seen letting several people out of his automobile south of the checkpoint. Appellant stated that the people were hitchhikers and had asked to be let out there.

Agent Gonzalez turned appellant over to Agent Banzin. Agent Banzin again asked appellant if he had let people out of his automobile south of the checkpoint, and appellant again said that he had. Agent Banzin asked appellant to show him where he had discharged the passengers, and appellant agreed to do so.

Appellant drove Agent Banzin to the point on the highway where the people had been deposited. Tracks of five individuals were found leading from the highway to the brush. The area was searched and five Mexican nationals were discovered in hiding.

Appellant was then placed in handcuffs and returned to the checkpoint.

Appellant was lawfully stopped and questioned. We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants,

without probable cause, if he has "reasonable grounds" for such action—"a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing." Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966). *See also* United States v. Brown, 436 F.2d 702 (9th Cir. 1970); United States v. Oswald, 441 F.2d 44 (9th Cir. 1971). *Cf.* Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In this case the report of a passing motorist that appellant's car had stopped and discharged passengers on the open highway just before reaching the checkpoint was enough to justify the initial brief detention and inquiry by the border officers.

The officers' subsequent conduct was also lawful. Appellant voluntarily pointed out where he had discharged his passengers. When the passengers were located and discovered to be aliens illegally in the United States, there was probable cause for appellant's arrest.

Affirmed.