The **UNITED STATES** of America,
Plaintiff-Appellee,

v.

**Edward LEON, Defendant-Appellant.**

No. 72–1100.

United States Court of Appeals,
Ninth Circuit.

May 17, 1972.

Tom Karas, Federal Public Defender, Thomas C. Kleinschmidt, Asst. Federal Public Defender, Phoenix, Ariz., for appellant.

William C. Smitherman, U. S. Atty., Thomas N. Crowe, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before DUNIWAY, TRASK, and CHOY, Circuit Judges.

PER CURIAM:

Edward Leon appeals his conviction by a jury of possession of marijuana with intent to distribute in violation of

21 U.S.C. § 841(a) (1) and (b). We affirm.

During the morning of June 11, 1971, appellant and Gerald Rivera entered the United States from Mexico at the San Luis, Arizona port of entry, in an automobile rented by a third party. The car was searched, and no contraband was found. During the search the border agents received a computer report that appellant was believed to be trafficking in marijuana, and they immediately instituted surveillance.

Appellant and Rivera drove to a motel in Yuma, where they joined Frank Childs and Doris DeAngelo and loaded camping equipment and two suitcases into the car. The suitcases appeared light and empty. The quartet then drove to another Yuma motel, where they rented a room. That afternoon, DeAngelo and Rivera obtained empty cardboard boxes from a store and rented a two-wheeled trailer. In the evening appellant, DeAngelo and Childs drove to Mexico. DeAngelo and Childs returned to Yuma early on the morning of June 12.

About 6:00 a. m., appellant and an unidentified Mexican arrived at the motel, stayed for about an hour, and departed. DeAngelo and Childs followed two hours later in the rented car. They returned with appellant, and unloaded three heavy bags from the car trunk. The contents of the bags appeared heavy, bulky, and brick-shaped. Shortly thereafter, the quartet loaded the cardboard boxes, which now contained objects wrapped in aluminum foil, into the trailer. After the trailer was loaded, all four got into the car and were then arrested. The trailer was searched and one hundred bricks of marijuana were found in the boxes and suitcases.

■ First, the border agents had probable cause to arrest appellant and his three companions. They also had probable cause to believe that the automobile trailer contained contraband. Coolidge v. New Hampshire, 403 U.S.

443, 458–464, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The record, when viewed in the light most favorable to the Government, reveals a series of suspicious circumstances which, when taken together, provided probable cause. The officers knew that the Yuma border is a prime smuggling area and that the rented car and rented motel room are common modi operandi among marijuana and narcotics dealers. They had the computer report that appellant was suspected of dealing in marijuana which justified surveillance.

Surveillance revealed a gathering of material, a short nocturnal visit to Mexico from which appellant did not return until the next morning when he appeared and then disappeared with a Mexican, and (after the Mexican's departure) the reappearance of the trio with loaded bags. Finally, all the suspects emerged from the motel room carrying boxes containing foil-wrapped items. These experienced border officials had probable cause to believe a crime was being committed. See United States v. Sherman, 430 F.2d 1402 (9th Cir. 1970).

■ Second, the agents were under no obligation to arrest anyone or halt their criminal investigation as soon as they had the minimum evidence necessary to establish probable cause. *Cf.* Frame v. United States, 444 F.2d 71 (9th Cir. 1971). There is no evidence that they deliberately delayed making the arrest or that they made the arrest as a mere pretext to search the trailer. See Williams v. United States, 418 F. 2d 159 (9th Cir. 1969).

■ Finally, the evidence is sufficient to support a jury verdict that appellant was guilty of possession with intent to distribute. The evidence indicates more than the mere "association" which was held insufficient in United States v. Anderson, 453 F.2d 174 (9th Cir. 1971) and Orozco-Vasquez v. United States, 344 F.2d 827 (9th Cir. 1965). Appellant actively participated. He

crossed into Mexico with his companions, but returned later with the marijuana. He helped to unload the bags, and to load the boxes and suitcases. Appellant did more than merely associate with the others.

Affirmed.