**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert Bernard KORB, Defendant-Appellant.**

**No. 26099.**

United States Court of Appeals, Ninth Circuit.

July 3, 1972.

Marvin S. Cahn, San Rafael, Cal., for defendant-appellant.

Harry Steward, U. S. Atty., Stephen G. Nelson, Shelby R. Gott, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY, TRASK and CHOY, Circuit Judges.

PER CURIAM:

Albert B. Korb appeals his conviction by a judge without a jury of smuggling

and transporting 110 pounds of marijuana in violation of 21 U.S.C. § 176a. We affirm.

On January 10, 1969, Korb and a male companion entered the United States from Tijuana in a rented Volkswagen. The car was searched, revealing marijuana seeds on the floor and a large, empty footlocker in the trunk. The men had $1,000 in cash and were both from the East. The border agents who searched the car immediately instituted surveillance.

The VW was followed to San Diego, where it made several stops. It then returned to Mexico, where it proceeded to Larumorasa. There the car made a U-turn, drove five miles, made another U-turn and lost the border agents. At 11:30 p. m., the VW reentered the United States. A search showed nothing. The car was followed until it reached a road 200–300 yards north of the border, where surveillance was again lost. Ninety minutes later, the VW reappeared. The agents stopped it to search for aliens and contraband. A duffel bag of marijuana and two guns were found in the trunk.

■ 1. The search of the car and subsequent arrests were valid because the arresting officers had probable cause to believe the automobile contained contraband. Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The record, when viewed in the light most favorable to the Government, reveals a series of suspicious circumstances which when taken together provide probable cause. See United States v. Leon, 460 F.2d 299 (9th Cir., 1972); United States v. Sherman, 430 F.2d 1402 (9th Cir., 1970).

The officers knew that the border area into which the VW disappeared was a prime smuggling tract and that a rented car is a common modus operandi among marijuana, narcotics, and alien smugglers. They discovered marijuana seeds in the car in addition to a footlocker large enough to conceal a man. Surveillance revealed a suspicious circuitous driving pattern, and the prolonged absence of the car in a deserted border area in which a car may cross the border by lowering the fence and driving over it. The experienced border officials had probable cause to search the car and then arrest Korb. See, e. g., United States v. Elder, 425 F.2d 1002, 1004 (9th Cir. 1970) and United States v. Jackson, 423 F.2d 506, 507 (9th Cir. 1970).

■ 2. Knowledge of the illegal importation of marijuana may be established by circumstantial evidence. United States v. Elder, supra, 425 F.2d at 1004. Korb's erratic driving patterns, the testimony of a border agent that the marijuana was found in packages which were typically Mexican, and the VW's proximity to the Mexican border provided sufficient evidence for a finding that the marijuana was illegally imported and that Korb knew of the illegal importation.

Affirmed.