UNITED STATES of America,
Plaintiff-Appellee,

v.

Elmer Thomas MITCHELL, Defendant-
Appellant.

No. 72–2437.

United States Court of Appeals,
Ninth Circuit.

Jan. 9, 1973.

Robert L. Boles (argued), San Diego, Cal., for defendant-appellant.

Jeffrey F. Arbetman, Asst. U. S. Atty. (argued), Stephen G. Nelson, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., for plaintiff-appellee.

Before MERRILL, KOELSCH, and KILKENNY, Circuit Judges.

PER CURIAM:

This appeal is from conviction of the possession of heroin with intent to distribute. The question presented is whether there was probable cause to search a paper sack located under the rear seat of an automobile.

The car had passed through a border check point just before midnight and had been subjected to a search. No contraband was then found. A half hour later it was stopped by roving immigration agents and searched again. No contraband was found. Two hours later it was stopped again by the same immigration agents and searched for the third time. A strip of clear plastic was observed protruding from under the rear seat. The seat was lifted and a paper bag was discovered from which the plastic protruded. Inspection of the contents of the bag disclosed narcotics.

We assume without deciding (and with some reservations) that the third stop and inspection were justified as a search for aliens. We assume without deciding (and with some reservations) that inspection of the area beneath the rear seat was likewise justified. The United States concedes that examination of the contents of the paper bag cannot be so justified. It contends instead that by the time the agents got to the bag, they had probable cause to believe that it contained narcotics. The Government

lists in detail the basis for such belief to which we have added parenthetically some commentary or correction in light of the record.

"1) The vehicle was the last car to go through the port before it closed at midnight. The vehicle was rented.

2) At 12:25, defendant was the sole occupant of the vehicle when it was stopped near the border.

3) At 12:25, there was only a green duffel bag in the trunk along with a spare tire and jack. The interior of the car was spotless.

4) The agents knew defendant had a prior narcotics felony record.

5) Defendant claimed he was going camping and wanted a 'pass' so he would not be stopped again. [He stated he was going camping or hunting.]

6) At 2:45 a. m., the vehicle was again observed in the area with two occupants. [Appellant had earlier stated that he was going to pick up a companion.] One individual was later observed standing near the left front bumper.

7) The vehicle was stopped again at 3:00 a. m., six miles past the place where defendant stated he was going camping. [The place in question was only one of several under consideration as a campsite.]

8) Defendant was nervous and eager to open the trunk on the second occasion.

9) No camping equipment was noted in the vehicle, only the empty duffel bag, a rifle and ammunition, and a bow and some arrows. [This was consistent with defendant's earlier statement that he was going hunting.]

10) There was a bed sheet covering the back seat. [There was also a dog occupying the rear seat.]

11) The defendant had brush debris on his hair and the passenger had dirty boots. The floor on the passenger side also had some type of debris.

12) A clear piece of plastic was sticking out under the front seat that apparently had not been there before." Brief for United States at 10–11.

■ In our judgment this does not establish probable cause to believe that the paper bag contained narcotics.[1]

Reversed.

KILKENNY, Circuit Judge (dissenting):

In these circumstances, I would not substitute our judgment for that of the officers who were highly skilled in the detection of smugglers along the Mexican Border. The officers knew that the border area in which appellant was finally stopped and the contraband discovered, was a region noted for smuggling and illegal border crossings by Mexican aliens. Moreover, from past experience, the officers knew that the last car through the checkpoint prior to midnight was one which was likely to be engaged in such activity. This was true, not by reason of a belief that an alien might then be concealed in the vehicle, but because of a reasonable belief grounded

---

1. Similarly, we reject the Government's argument that the search of defendant's car and of the paper bag was justified as a border search. In order for customs agents to search for contraband without probable cause away from the border, they must, at a minimum either establish and maintain reasonably constant surveillance of defendant's vehicle, *see, e. g.,* Alexander v. United States, 362 F.2d 379, 382 (9th Cir. 1966), Leeks v. United States, 356 F.2d 470 (9th Cir. 1966), or agents must be reasonably certain that parcels have been smuggled across the border and placed in the vehicle. United States v. Weil, 432 F.2d 1320 (9th Cir. 1970), cert. denied, 401 U.S. 947, 91 S.Ct. 933, 28 L.Ed.2d 230 (1971); United States v. Markham, 440 F.2d 1119 (9th Cir. 1971). Neither of these circumstances was present in this case.

on experience, that the alien would cross the border at some other point as a pedestrian, or by vehicle, and later meet his co-conspirator in an isolated area close to the border. The appellant did not have a companion when he crossed the border. At the time of the final stop he had a companion who was wearing dirty boots with fresh brush on his pants. In fact, the rear seat was then covered with a sheet and a strange looking piece of plastic was protruding from under the seat. These items had not been there at the time of the previous inspections. When viewed in the light most favorable to the government, these facts with others shown by the record would constitute such "a series of suspicious circumstances which when taken together [would] provide probable cause" for the search here in question. United States v. Korb, 464 F.2d 456, 457 (CA9 1972), is closely in point. We need not again discuss the authority of Immigration agents to make this type of search. See United States v. Almeida-Sanchez, 452 F.2d 459, 460, 461 (CA9 1971), cert. granted 406 U.S. 944, 92 S. Ct. 2050, 32 L.Ed.2d 331 (1972).

I would affirm.