**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gabriel MARTINEZ-TAPIA, Defendant-Appellant.**

No. 73-2121.

United States Court of Appeals,
Ninth Circuit.

July 1, 1974.

Robert L. Boles (argued), Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Harry D. Steward (argued), U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before DUNIWAY and SNEED, Circuit Judges, and SWEIGERT,* District Judge.

---

* The Honorable William T. Sweigert, Senior United States District Judge for the Northern District of California, sitting by designation.

OPINION

DUNIWAY, Circuit Judge:

We postponed submission of this case pending decision by this court in banc of a number of cases involving applications of the decision of the Supreme Court in Almeida-Sanchez v. United States, 1973, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596. Those cases have now been decided.

Martinez-Tapia was driving westward in a 1959 Ford Ranchero car on Highway 94 in Southern California. He was stopped by a border patrol agent, Mathie, who learned from Martinez that he was a Mexican National illegally in this country. Mathie then searched the car and, by removing a right rear corner panel, found a quantity of marijuana.

Martinez was charged with possession of the marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). His motion to suppress the marijuana was denied, he was tried and convicted, and he appeals. We reverse.

■■ This was a stop by a roving patrol, just as in Almeida-Sanchez, supra. As to a pending case on direct appeal, such as this one, Almeida-Sanchez is retroactive. United States v. Peltier, 9 Cir., in banc, 1974, 500 F.2d 985. Moreover, under Almeida-Sanchez, the agent had no right to stop Martinez, absent a founded suspicion. United States v. Brignoni-Ponce, 9 Cir., 1974, in banc, 499 F.2d 1109.

■ As is its wont, the government urges that the officers had a founded suspicion, justifying the stop and inquiry and, as a result thereof, the search. We cannot agree.

These are the specific, articulable facts, known to the agents, on which the government relies as creating a founded suspicion:

(1) The highway, a main east-west road, is only 1¼ miles from the border with Mexico at the point where Martinez was first seen by agent Wells just west of an intersection with Indian Road. The latter is a dirt road running to a point on the border where the fence is often cut by smugglers entering the country. The general area is one in which considerable smuggling occurs. However, Martinez was not seen on Indian Road. Wells thought that he might have come from there because he was going slowly, picking up speed, and shifting gears.

These facts are not enough. Highway 94 traverses rough country—it winds and goes up and down hill. That an old car is travelling slowly and shifting gears indicates only that the driver is doing what a driver is likely to do under these circumstances. Martinez was still going slowly farther along the highway when Mathie, who had received the foregoing information by radio from Wells, stopped him. Merely driving slowly along a highway in an area where there is considerable smuggling does not justify a stop, nor do the additional facts here known to the stopping agent.

(2) The agents testified that Martinez's vehicle was of a type often used by smugglers. This kind of testimony, however, is of dubious validity, as is shown by the testimony of the agents in this case. One of the agents testified that in seventeen and one-half years on the force he had stopped only one such vehicle that had contraband in it. The other agent testified that he had stopped quite a few of these vehicles but he had never uncovered contraband in one of them. This is hardly ground for a founded suspicion that Martinez's vehicle contained contraband. The fact that someone is driving a particular make or model of car is no better ground for a stop than the fact that the driver looks like a Mexican. See United States v. Mallides, 9 Cir., 1973, 473 F.2d 859, 861. The motion to suppress should have been granted.

The judgment is reversed.

SNEED, Circuit Judge (dissenting):

I respectfully dissent. The majority here fails to recognize that a police officer, like other human beings, does not

look at facts in isolation, but rather derives his "founded suspicion," if such exists, from the pattern of all the facts and observations at his disposal. Thus, I can not agree with the use of an analytic technique which attempts to evaluate each element in the calculus independently without considering the whole. In the present case, the border patrol agents possessed the following information: (a) appellant's vehicle was stopped by an agent at a point near the intersection of the highway and Indian Road, a small dirt road 1¼ miles in length which leads directly to the Mexican border; (b) while appellant's vehicle was not actually seen on Indian Road, it was observed accelerating at a point immediately past the intersection, thus leading agents to believe that appellant had just turned onto the highway; (c) only three residences are located on Indian Road between the highway and the border, and the agents knew that appellant did not reside at any of the three; (d) Indian Road was frequently used for smuggling aliens and contraband into the United States; and (e) although the majority is correct in stating that the particular agents involved in this case had, themselves, little direct knowledge of an association between the type of vehicle involved and smuggling activities, the record also reveals that on four or five occasions during the year prior to the stop at issue here various border patrol agents had stopped similar vehicles in the area and discovered contraband. The case, I admit, is close. Nevertheless, these facts, when taken as a *whole*, are sufficient in my judgment to create a founded suspicion as that term was applied in Wilson v. Porter, 361 F.2d 412 (9th Cir., 1966).