**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roberto MADUENO–ASTORGA,
Defendant-Appellant.**

**No. 73–2484.**

United States Court of Appeals,
Ninth Circuit.

July 5, 1974.

As Amended on Denial of Rehearing
Sept. 20, 1974.

Hufstedler, Circuit Judge, concurred specially with opinion, and also filed an opinion dissenting from the denial of the petition for rehearing.

John J. Cleary (argued), of Federal Defenders, Inc., San Diego, Cal., for defendant-appellant.

Thomas M. Caffin, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

OPINION

Before BARNES, HUFSTEDLER and CHOY, Circuit Judges.

PER CURIAM:

After a trial to the court, Madueno-Astorga, was convicted of possession of about 660 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals on the ground that the stop and search of his automobile were without probable cause and were thus invalidated by Almeida-Sanchez v. United States, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). We affirm.

About 6:50 a.m. while on routine patrol driving east on Interstate 8 about ten miles from the border, two border agents noticed that appellant's automobile appeared "to drift" on a curve in the road. The agents followed it in their car and observed that the auto had a large trunk and a heavy duty suspension system on the rear axle and "kept on having characteristic problems of balance of a real heavy—heavily loaded car—." After following the vehicle for about two miles, the agents stopped it to

determine whether appellant was transporting illegal aliens.

On approaching the halted car, one of the agents smelled the strong, sweet mixed odor of marijuana and talcum powder issuing from it. When asked to open the trunk, appellant said he had no key to it and that the car belonged to a friend for whom he was driving it to San Diego. The agents removed the rear seat of the vehicle and saw the marijuana in kilo packages covered with talcum powder, a practice which they knew smugglers used to mask the odor of marijuana.

■ *Almeida-Sanchez, supra,* does not apply where, as here, the border patrol agents had a founded suspicion, which may be less than probable cause, for stopping the vehicle for the purpose of limited inquiry in the course of routine investigation. United States v. Bugarin-Casas, 484 F.2d 853–854 (9th Cir. 1973); United States v. Jaime-Barrios, 494 F.2d 455 (9th Cir. 1974).

The events after the stop provided clear probable cause to search the vehicle.

Affirmed.

HUFSTEDLER, Circuit Judge (concurring specially):

I concur under the compulsion of United States v. Bugarin-Casas (9th Cir. 1973) 484 F.2d 853 and its progeny.

I am unable to reconcile the rationale of Almeida-Sanchez v. United States (1973) 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596, forbidding border agents on roving patrol to stop and search vehicles without probable cause (*see* United States v. Brignoni-Ponce (9th Cir. en banc 1974) 499 F.2d 1109), with the *Bugarin-Casas* line of cases permitting roving border patrol agents to stop vehicles under circumstances short of probable cause.

HUFSTEDLER, Circuit Judge (dissenting):

I would grant the petition for rehearing. The facts that appellant's automobile had a heavy duty suspension system, a large trunk, and appeared to be heavily loaded are not enough to create a founded suspicion that criminal activity was afoot. There is even less here to justify the stop than in United States v. Martinez-Tapia (9th Cir. 1974) 499 F.2d 1244. Moreover, I am unable to reconcile the rationale of Almeida-Sanchez v. United States (1973) 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596, forbidding border agents on roving patrol to stop and search vehicles without probable cause, with the line of cases typified by United States v. Bugarin-Casas (9th Cir. 1973) 484 F.2d 853, permitting roving border patrol agents to stop vehicles under circumstances short of probable cause.